ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
SHEILA NAGARAJ (California Bar No. 268927)
WILSON PARK (California Bar No. 239527)
Assistant United States Attorneys
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone:  (213) 894-2690/5796
     Facsimile:  (213) 894-0141
     Email:      sheila.nagaraj@usdoj.gov
                 wilson.park@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>      v.<br><br>WILLIAM JOHN ROY,<br><br>             Defendant. | CR No. 12-00546-R<br><br><u>ORDER DENYING MOTIONS TO SEVER COUNTS AND TO SUPPRESS E-MAIL SEARCH WARRANT</u> |

For the reasons stated on the record at the hearing held on December 3, 2012, and in this Order, the Court hereby denies defendant William John Roy's ("defendant") motions to sever counts and to suppress the e-mail search warrant.

//

//

**I.   DEFENDANT'S MOTION TO SEVER**

Defendant has moved to sever Count 7 of the Indictment from the remaining counts in the indictment, based on the fact that only Count 7 references defendant's alleged conduct in connection with his service in Afghanistan.

In United States v. Jawara, 474 F.3d 565 (9th Cir. 2007), the Ninth Circuit instructed that courts should consider the following factors when deciding whether two counts should be joined: Similar character; elements of the statutory offenses; likelihood and extent of evidentiary overlap; the physical location of the acts; the modus operandi of the crimes, and the identity of the victims. Id. at 578; see also Fed. R. Crim. Pro. 8 (stating the indictment "may charge a defendant in separate counts with two or more offenses if the offenses charged . . . are of a similar character").

Applying the Jawara factors to the facts of the present case, the Court holds that Count Seven was properly joined with the remaining counts of the Indictment. The Court finds that the counts are of the same character; Counts Two, Three and Seven all share the same elements. The evidence for Count Seven also will likely and substantially overlap with the evidence for the other counts. Additionally, the government anticipates and represents it will call the same witnesses, obtain similar testimony, and move the same or substantially similar documents into evidence. As a result, judicial economy is preserved by joinder of the counts.

//

//

In addition, the Court finds no manifest prejudice, as required by Federal Rule of Criminal Procedure 14(a), that would necessitate severance of the counts in this case.

For the foregoing reasons, defendant's motion to sever counts is therefore denied.

## II. DEFENDANT'S MOTION TO SUPPRESS

Defendant also moves to suppress the e-mail search warrant in this case, arguing that the search and seizure was unreasonable because the warrant was a general warrant and overbroad in scope. Few cases in the Ninth Circuit or elsewhere have addressed the standard of particularity that should be applied with respect to an e-mail search warrant. The cases that have addressed the issue, however, have held that the burden remains on the government to prove how the warrant application will segregate information regarding third parties from information relating to the defendant.

In this case, the Court holds that the government has not met its burden of setting forth the items to be seized with particularity. The information sought by the warrant lacks protocol that would affirmatively segregate the target information from information outside the scope of the warrant. The warrant is therefore overbroad.

The inquiry does not end there, however. Where the police did not act in bad faith, and as such, suppression of the evidence would not deter police misconduct, the district court, may, in its discretion, admit the evidence over the objection of the defendant. <u>Illinois v. Gates</u>, 462 U.S. 213 (1983). In fact,

1  exclusion of the evidence is a last resort.  <u>Hudson v. Michigan</u>,
2  547 U.S. 586 (2006).
3       In this case, the court finds that exclusion of the evidence
4  would not be warranted.  The seizure was reasonably conducted,
5  and the evidence of criminal activity was properly seized.  In
6  executing the warrant, the investigating agents aptly followed
7  the contours of the warrant.  Consequently, the underlying
8  justification for the exclusionary rule would not be served by
9  excluding the e-mails, and accordingly, the Court denies
10 defendant's motion to suppress.
11      IT IS SO ORDERED.

14 __DEC. 13, 2013__                    _____
   DATE                                 THE HONORABLE MANUEL L. REAL
                                        UNITED STATES DISTRICT JUDGE

17
   Presented by:
18
19   __/s/_____
   SHEILA NAGARAJ
20 Assistant United States Attorney

4